```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

RIVERBEND ENVIRONMENTAL SERVICES, LLC                          PLAINTIFF

vs.                                   CIVIL ACTION NO. 5:22-CV-31-DCB-BWR

CRUM & FORSTER SPECIALTY INSURANCE COMPANY                     DEFENDANT

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Crum & Forster Specialty Insurance Company ("Defendant")'s (i) Motion to Dismiss [ECF No. 12] (the "First Motion to Dismiss"), (ii) Defendant's Motion to Dismiss (Renewed) [ECF No. 22] (the "Second Motion to Dismiss"); (iii) Riverbend Environmental Services, LLC ("Plaintiff")'s Motion to Convert Crum & Forster's Renewed Motion to Dismiss and Allow Discovery Pursuant to Rule 56(d) [ECF No. 29]; and (iv) Plaintiff's Motion To Supplement Its Response In Opposition to Defendant Crum & Forster Specialty Insurance Company's Renewed Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 41].  After reviewing the various motions, the parties' submissions, and applicable law, the Court finds as follows:

BACKGROUND

This case involves Defendant's denial of coverage under an environmental insurance policy, No. EPK-129574 (the "Policy"), for clean-up costs at a municipal non-hazardous waste landfill in Fayette, Mississippi. [ECF No. 16]. The landfill was owned and operated by Plaintiff. Id. ¶ 4. On August 16, 2020, a fire broke out at the landfill and forced it to close. Id. ¶ 5. The Mississippi Department of Environmental Quality ("MDEQ") exercised its authority to hire third-party contractors to respond to the fire. Id. ¶¶ 6-9. The fire was extinguished on August 25, 2020. Id. ¶ 11. MDEQ deemed Plaintiff responsible for the third-party contractor costs. Id. ¶¶ 9-10. Plaintiff asserts in its Amended Complaint that it gave Defendant timely notice of its claim for clean-up costs under the Policy, which Defendant denies. Id. ¶¶ 27-28, 31. Defendant denied coverage on May 21, 2021. Id. ¶ 31. Plaintiff filed suit in this Court for declaratory relief and damages on April 21, 2022.

ANALYSIS

I.
First Motion to Dismiss

In its First Motion to Dismiss [ECF No. 12], Defendant asks this Court to dismiss with prejudice all claims that Plaintiff has filed against Defendant in the original complaint [ECF No. 1] (the

2

"Original Complaint"). While the First Motion to Dismiss still was pending, Plaintiff filed its First Amended Complaint for Declaratory and Other Relief. [ECF No. 16] (the "Amended Complaint").

Filing "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." Stewart v. City of Houston Police Dep't, 372 F. App'x 475, 478 (5th Cir.2010) (quoting King v. Dogan, 31 F.3d 344, 346 (5th Cir.1994)); Brock v. Issaquena Cnty., Miss., No. 3:13-cv-862-DCB-MTP, 2014 WL 5293103, at *1 (S.D. Miss. Oct. 15, 2014). In this case, the Amended Complaint did not adopt or incorporate the Original Complaint. Under Fifth Circuit precedent, the superseded Original Complaint has "no legal effect", King v. Dogan, 31 F.3d at 344, and the First Motion to Dismiss is rendered moot. E.g., Rutherford v. Hunt S. Grp., LLC, No. 1:18CV394-LG-RHW, 2019 WL 1460917, at *2 (S.D. Miss. Apr. 2, 2019)(because new complaint supplanted existing complaint as the operative complaint, motion to dismiss was rendered moot); Reyna v. Deutsche Bank Nat. Trust Co., 892 F.Supp.2d 829, 834 (W.D.Tex. 2012) (citing Smallwood v. Bank of Am., No. 3:11-cv-1283-D, 2011 WL 4941044 at *1 (N.D.Tex. Oct. 17, 2011)). The Court therefore will deny as moot the First Motion to Dismiss [ECF No. 12].

## II.
## Second Motion to Dismiss

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012); Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); McCoy v. Defs., Inc., No. 3:17-cv-207-DCB-LRA, 2017 WL 6329600, at *2 (S.D. Miss. Dec. 11, 2017); Franklin v. N. Cent. Narcotics Task Force, No. 5:15-cv-120-DCB-MTP, 2016 WL 7378215, at *2 (S.D. Miss. Dec. 20, 2016).  However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also id. at 681 (citing Twombly, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.' "  Id. at 678 (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  If the plaintiff has not

4

"nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

Defendant's primary argument in favor of dismissal is that Plaintiff's notice of the claim was untimely under the Policy, and Plaintiff's claim for coverage therefore fails. [ECF No. 35] at 3-5. In contrast, Plaintiff alleges in its Amended Complaint that notice of the claim was timely:

> 27. Timely notice of the landfill fire and/or the contractor claim was provided to the broker, and/or producer, and/or general agent of Crumb & Forster with the actual and/or apparent authority to receive notice of the Fayette Landfill fire loss and/or the Contractor Claim.
>
> 28. On or before November 13, 2020, the Prewitt Group, and/or such other entity with the actual and/or apparent authority to receive notice of a claim, had actual and/or written notice of the landfill fire loss, and/or efforts by E3 and/or CTEH to clean-up and/or abate the pollution condition at Riverbend's Fayette Landfill.

[ECF No. 16] ¶¶ 27-28.

Among other things, Defendant also argues that Plaintiff cancelled the Policy on November 13, 2020. [ECF No. 23] at 5. The Policy contained a ninety-day extended reporting period, which extended the deadline for reporting claims under the Policy until ninety days after the Policy expired or was cancelled. Id. According to Defendant, the extended reporting period expired on February 11, 2021, and Defendant did not receive notice of the

5

claim until April 1, 2021.

Plaintiff alleges, however, that because it was under Chapter 11 bankruptcy protections, the automatic stay barred any attempted cancellation of the policy, and the 90-day extended reporting period under the Policy did not expire until March 29, 2021. [ECF No. 16] ¶¶ 18-25. The parties further dispute if and when Defendant received proper notice of the claim and whether Defendant's alleged receipt of corrective action letters from MDEQ on or before November 13, 2020, constitutes notice of a claim under the Policy. [ECF No. 35] at 3-4; [ECF No. 37] at 2-3.

This case is in the early stages of litigation. The Case Management Order [ECF No. 39] was entered on November 1, 2022, and it is the Court's understanding that preliminary discovery recently began. The Court is not persuaded that summary dismissal of this case is appropriate at this time. It is the Court's opinion that there may be facts for further development or clarification and that the better course is for discovery to proceed in accordance with the deadlines set forth in the Case Management Order. Defendant's Second Motion to Dismiss will be denied.

### III.
### Motion to Convert and Allow Discovery

Plaintiff asks this Court to convert the Second Motion to

Dismiss into a motion for summary judgment and allow discovery pursuant to Federal Rule of Civil Procedure 56(d). [ECF No. 29]. Given the Court's disposition of the Second Motion to Dismiss, Plaintiff's motion to convert is moot and will be denied. Discovery will proceed in accordance with the Federal Rules of Civil Procedure, the Local Uniform Civil Rules, and the deadlines set forth in the Case Management Order [ECF No. 39].

## IV.
## Plaintiff's Motion To Supplement Its Response In Opposition

Plaintiff's Motion to Supplement Its Response in Opposition to Defendant Crum & Forster Specialty Insurance Company's Renewed Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 41] also is denied as moot given the Court's disposition of the Second Motion to Dismiss.

Accordingly,

Defendant's First Motion to Dismiss [ECF No. 12] is **DENIED** as moot;

Defendant's Motion to Dismiss (Renewed) [ECF No. 22] is **DENIED**;

Plaintiff's Motion to Convert Crum & Forster's Renewed Motion to Dismiss and Allow Discovery Pursuant to Rule 56(d) [ECF No. 29] is **DENIED** as moot; and

Plaintiff's Motion to Supplement Its Response in Opposition to Defendant Crum & Forster Specialty Insurance Company's Renewed Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 41] is **DENIED** as moot.

The Court further orders that discovery shall proceed in accordance with the Federal Rules of Civil Procedure, the Local Uniform Civil Rules, and the deadlines set forth in the Case Management Order.

SO ORDERED AND ADJUDGED this 29th day of November 2022.

> /s/ David Bramlette
> UNITED STATES DISTRICT JUDGE