IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RIVERBEND ENVIRONMENTAL
SERVICES, LLC                                                                                          PLAINTIFF

v.                                            CIVIL ACTION NO. 5:22-cv-00031-DCB-BWR

CRUM & FORSTER SPECIALITY
INSURANCE COMPANY                                                                             DEFENDANT

### ORDER GRANTING IN PART AND DENYING IN PART RIVERBEND'S MOTION TO COMPEL THE DEPOSITION OF STEVE ARNOLD

BEFORE THE COURT is Riverbend Environmental Services, LLC's (Riverbend's) Motion to Compel the Deposition of Steve Arnold [47] and Memorandum in Support [48]. Defendant Crum & Forster Specialty Insurance ("C&F") has filed a Response [52] in opposition and Riverbend a Rebuttal [53]. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Riverbend's Motion to Compel the Deposition of Steve Arnold should be granted in part and denied in part. Riverbend's Motion to Compel is granted to the extent that Arnold is required to sit for a deposition and denied to the extent that Riverbend requests sanctions against C&F.

### I. BACKGROUND

This case involves C&F's denial of coverage under an environmental insurance policy ("the Policy") for clean-up costs at a municipal non-hazardous waste landfill in Fayette, Mississippi. [42] at 2. The landfill was owned and operated by Riverbend. *Id.* On August 16, 2020, a fire broke out at the landfill and forced it to close. *Id.* The Mississippi Department of Environmental Quality ("MDEQ") hired third-party

contractors to respond to the fire, it was extinguished on August 25, 2020, and MDEQ deemed Riverbend responsible for the third-party contractor costs. *Id.* "In November or early December 2020, Riverbend received two invoices from MDEQ for work performed by MDEQ contractors E3 Environmental and CTEH, LLC to respond to the Landfill Fire. The total for all invoices was $644,663.41." [48] at 3.

C&F asserts that Riverbend did not file a claim about the landfill fire until April 1, 2021, which was beyond the Policy period and extended reporting period. The parties agree that the Policy defined the Policy period as December 28, 2019, to December 28, 2020 and provided a "ninety (90) day Basic Extended Reporting Period." [23] at 5. *Id.* In a letter dated May 21, 2021, C&F disclaimed coverage on multiple grounds, including denying coverage because Riverbend did not timely submit a claim. [16-3] at 4.

On April 21, 2022, Riverbend filed suit in this Court for declaratory relief and damages. [1] at 1-10. C&F filed a Motion to Dismiss [12] under Federal Rule of Civil Procedure 12(b)(6) on July 20, 2022, and Riverbend responded by filing an Amended Complaint [16]. In the Amended Complaint, Riverbend claimed that C&F received timely notice of Riverbend's claim through "knowledge of governmental corrective action at the Fayette Landfill." [48] at 4. According to the Amended Complaint, "timely notice of the landfill fire and/or the contractor claim was provided to the broker, and/or producer, and/or general agent of Crumb & Forster with the actual and/or apparent authority to receive notice of the Fayette Landfill fire loss and/or the

2

Contractor Claim." [16] at 7. Riverbend's Amended Complaint asserts that "[o]n or before November 13, 2020, the Prewitt Group, and/or such other entity with the actual and/or apparent authority to receive notice of a claim, had actual and/or written notice of the landfill fire loss, and/or efforts by E3 and/or CTEH to clean-up and/or abate the pollution condition at Riverbend's Fayette Landfill." *Id.*

C&F filed a renewed Motion to Dismiss [22] on September 2, 2022 [22]. United States District Judge David Bramlette denied the Motion to Dismiss on November 29, 2022. Judge Bramlette's Memorandum Opinion and Order concluded that the parties "dispute if and when Defendant received proper notice of the claim and whether Defendant's alleged receipt of corrective action letters from MDEQ on or before November 13, 2020, constitute notice of a claim under the Policy." [42] at 6. Judge Bramlette found that summary dismissal was not appropriate because "there may be facts for further development or clarification and that the better course is for discovery to proceed . . . ." *Id.*

On December 19, 2022, Riverbend contacted C&F to request dates for the deposition of Steve Arnold, who C&F claims was an underwriter on the Policy. [52] at 2. C&F "declined to provide dates for Arnold," alleging that "he does not have any knowledge that is relevant to Riverbend's claim." *Id.* at 3. On February 8, 2023, Riverbend filed the instant Motion to Compel the Deposition of Steve Arnold [47]. Riverbend argued that C&F should be sanctioned and required to pay attorney's fees because its refusal to produce Arnold for a deposition defied Judge Bramlette's Order

3

that further factual development or clarification was needed regarding C&F's alleged receipt of MDEQ corrective action letters. [48] at 6.

In response to Riverbend's Motion to Compel the Deposition of Steve Arnold, C&F claimed Arnold's testimony was irrelevant because "Arnold's alleged awareness that the Riverbend Facility was the subject of MDEQ corrective action orders prior to the issuance of the Policy does not constitute Riverbend giving notice of a 'claim' to [C&F] under the Policy." [52] at 5. C&F maintained that "a mere awareness of issues at the Landfill did not amount to notice of a claim for 'damages' or 'cleanup costs' under the terms of Policy." *Id.* at 8. C&F also submitted that Arnold suffers from serious health issues that preclude him from being deposed. [52] at 5; [55] at 10-11.

In rebuttal, Riverbend argued that "[i]t is not clear whether Arnold was part of C&F's underwriting department. However, what is clear from hundreds of pages of emails and documents is that Arnold was informed of governmental requirements, directives, and orders at Riverbend's Fayette Landfill during the Policy period and that such information was being shared with other individuals." [53] at 2-3.

## II. DISCUSSION

Riverbend seeks to depose Arnold on an issue that Judge Bramlette specifically determined needed further factual development and clarification, namely "whether Defendant's alleged receipt of corrective action letters from MDEQ on or before November 13, 2020, constitute notice of a claim under the Policy." [42] at 6. C&F does not deny that Arnold was aware that the Riverbend Facility was the subject of MDEQ

corrective action orders. [52] at 5.

Arnold is compelled to sit for a deposition properly noticed by Riverbend, and the parties are ordered to promptly confer regarding a convenient date and time for the deposition. Arnold's deposition must be completed on or before April 17, 2023. Regarding Arnold's health, according to his Affidavit, he currently works remotely for United States Fire Insurance Company. [55-6] at 1. He avers that he suffers from an enlarged aorta, which is a potentially life-threatening condition," and maintains that his doctor has "advised [him] to not engage in activity that is stressful or may raise [his] blood pressure." *Id.* Arnold states that he has never been deposed and "believe[s] being deposed would cause him to suffer stress that might increase [his] blood pressure." *Id.*

Arnold's Affidavit does not satisfy C&F's heavy burden of showing extraordinary circumstances that warrant totally prohibiting a deposition. "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Where the health of the deponent is at issue, the law requires a "specific and documented factual showing that the deposition will be dangerous to the deponent's health." *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D.Ohio 1998). "[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements," *Jennings v. Fam. Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001), even when those statements are made by a

5

treating physician, *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136-38 (S.D. Tex. 2012) (collecting cases where treating physicians' statements were found inadequate).

Arnold's Affidavit is not a particularized showing that Arnold will be harmed by the deposition, and the Court is unable to conclude that there are no conditions under which Arnold's deposition could safely proceed. Riverbend's counsel is directed to accommodate Arnold's physical condition insofar as reasonably possible to minimize the stress and burden to Arnold and to ensure his health is not put at risk. Caselaw addresses a variety of measures that have been taken in consideration of a deponent's health. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.,* No. CV 11-2405, 2020 WL 13199433, at *2 (E.D. La. June 26, 2020) (enumerating conditions on deposition); *Stanek v. St. Charles Comm. Unit Sch. Dist. # 303,* No. 13 C 3106, 2020 WL 1304828, at *4 (N.D. Ill. Mar. 19, 2020) (same); *Jennings,* 201 F.R.D. at 276 (same); *Schorr,* 178 F.R.D. at 492 (same).

With respect to Riverbend's request for sanctions against C&F, the Court finds that C&F withholding Arnold as a deponent was not substantially justified, and it was in defiance of Judge Bramlette's Memorandum Opinion and Order which provided that C&F's alleged receipt of corrective action letters from MDEQ required further development or clarification through discovery. [42] at 6. The Court is not convinced, however, that Federal Rule of Civil Procedure 37(b)(2)(C) requires it to order C&F to the pay Riverbend's reasonable expenses, including attorney's fees.

6

Federal Rule of Civil Procedure 37(b)(2)(C) speaks to a failure to comply with a discovery order, and Riverbend has not shown that C&F failed to comply with a discovery order. Federal Rule of Civil Procedure 37(a)(1) speaks to motions to compel, and the Court "must not" order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5). Both Federal Rule of Civil Procedure 26(c)(1) and Federal Rule of Civil Procedure 37(a)(1) require a certification of good faith. The Court's Local Uniform Civil Rules provide that "[a] Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions." L.U.Civ.R. 37(a).

> The certificate must bear the signatures/endorsements of all counsel. If a party fails to cooperate in the attempt to resolve a discovery dispute or prepare the Good Faith Certificate, the filed motion must be accompanied by an affidavit or a 28 U.S.C. § 1746 declaration by the moving party detailing the lack of cooperation and requesting appropriate sanctions.

*Id.*

The Good Faith Certificate is not an empty formality, and the Court will not waive the requirement here where the conduct of the parties throughout the discovery phase has not exemplified counsel actively and willingly attempting to resolve discovery disputes without Court intervention. Riverbend attaching to its Motion copies of correspondence that discuss the discovery dispute and including in the body of the Motion a statement that "undersigned counsel CERTIFIES that he has conferred in good faith or attempted to confer in good faith with counsel for C&F in an effort to avoid this Motion to Compel" does not satisfy the requirement of attaching

7

a Good Faith Certificate in proper form. *See Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001). C&F's counsel's recent email providing, "we will consider your email below our conferral for a Motion to Quash both subpoenas and will mark you as opposed" certainly does not. The Court is unwilling to decipher from letters and emails between counsel whether both parties have satisfied the certification requirement of Rule 26(c)(1) and 37(a)(1). Counsel for both parties are ordered to meet and confer by telephone or in person regarding further disputes.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED that** Riverbend's Motion to Compel the Deposition of Steve Arnold [47] is **GRANTED IN PART AND DENIED IN PART.** Riverbend's Motion to Compel is granted to the extent that Arnold is required to sit for a deposition and denied to the extent that sanctions against C&F will not be awarded.

**SO ORDERED**, this the 17th day of March, 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE